UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NICOLE R. SPRANKLES,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   Case No. 1:18-CV-415 JD
                                        )
ANDREW M. SAUL, Commissioner of         )
Social Security,                        )
                                        )
            Defendant.                  )

## OPINION AND ORDER

Nicole Sprankles applied for social security disability insurance benefits and

supplemental security income, alleging that she is unable to work due to recurrent major

depressive disorder, psychosis, insomnia, sleep apnea, and neck pain. Although the ALJ

considered Listing 12.04, the ALJ did not adequately address why Ms. Sprankles does not meet

the criteria of paragraph C and therefore remand is required.

## I. FACTUAL BACKGROUND

Ms. Sprankles argues that she is unable to work primarily because she suffers from both

physical and mental impairments including major depressive disorder, attention deficit disorder,

obesity, and severe longstanding obstructive sleep apnea/insomnia, all of which the ALJ found to

be severe. Ms. Sprankles alleges that her fluctuating moods and her inability to stay on task

prevent her from retaining gainful employment. Over the years she was treated for her

psychological disorders and was prescribed medication; her records also demonstrate that she

suffered from longstanding mental health issues including psychosis. Ms. Sprankles currently

lives with her mother who takes care of most household duties and goes to many of Ms.

Sprankles' doctor appointments with her. Ms. Sprankles testified that she has been able to stay out of the hospital primarily due to her mother's support. (R. 882).

 In 2002, Ms. Sprankles suffered from a traumatic brain injury caused by an automobile accident. She was able to resume skilled work after this event and continued to work at General Electric as a drafter and then at Franklin Electric in a similar position before eventually switching to unskilled assembly work in 2007. Ms. Sprankles worked as an assembler at General Manufacturing for five years before losing her job in 2013. At the hearing before the ALJ, Ms. Sprankles testified that she is unable to work because she cannot maintain the speed expected in these positions. (R. 868). She also testified that she has "pretty significant" issues with focusing and distractibility. *Id*. Ms. Sprankles noted that she lost her job at General Manufacturing due to wandering off and she testified that she had trouble staying focused on the task and that she made a lot of trips to the restroom. (R. 880). In 2013, Ms. Sprankles also experienced a series of personal crises which occurred during the same time period that she lost her job and applied for disability benefits.

Following her first application for benefits, Ms. Sprankles' applications at the initial and reconsideration levels were denied. On March 5, 2015, ALJ Steven Neary denied Ms. Sprankles' claim and concluded that she was not disabled. (R. 32). Her request for appeal was denied, which led Ms. Sprankles to file her first complaint with the district court and on May 24, 2017, the court entered an order remanding the case to the agency pursuant to a joint stipulation between Ms. Sprankles and the Commissioner. (R. 932-34). While waiting for the Appeals Council to act on the district court's remand order, Ms. Sprankles filed a second application for benefits on June 13, 2017, alleging disability beginning on March 28, 2013. Her application was denied again and upon reconsideration.

The Appeals Council entered an order implementing the district court remand order and consolidated the remanded case with the new application. (R. 966). The Appeals Council directed the assigned ALJ to conduct a new hearing and issue a single decision adjudicating all issues. *Id.* On March 5, 2018, ALJ Genevieve Adamo conducted a second hearing, and issued a new decision finding that Ms. Sprankles was not disabled on August 31, 2018. (R. 998). Finding that Ms. Sprankles could perform past work in addition to other work in the economy, the ALJ found that Ms. Sprankles was not disabled. The Appeals Council declined review, and Ms. Sprankles filed this action seeking judicial review of the Commissioner's decision.

## II. STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

The ALJ has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In evaluating the ALJ's decision, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539

(7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III.  STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step process to determine whether the claimant qualifies as disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

*See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step two, an impairment is severe if it significantly limits a claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). At step three, a claimant is deemed disabled if the ALJ determines that the claimant's impairment or combination of impairments

meets or equals an impairment listed in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If not, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. §§ 404.1545, 416.945. The ALJ uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant qualifies as disabled if he or she cannot perform such work. The claimant has the initial burden of proof at steps one through four, while the burden shifts to the Commissioner at step five to show that there are a significant number of jobs in the national economy that the claimant can perform. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Ms. Sprankles makes several arguments for remand but the Court need only address one. Ms. Sprankles argues that remand is required because at step three the ALJ did not properly analyze whether she met the required criteria of Listing 12.04's paragraph C. While the ALJ acknowledged that Ms. Sprankles had a severe and persistent mental impairment, the ALJ failed to cite evidence in the record or explain how she did not meet the requirements of paragraph C. The ALJ's lack of analysis and failure to link evidence in the record to her findings at step three requires remand.

At step three, the ALJ must determine whether one of Ms. Sprankles' impairments meets or equals an impairment listed in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Ms. Sprankles argues that the ALJ did not properly evaluate her mental disorders under listing 12.04 (Depressive, Bipolar and Related Disorders), which contains three sets of criteria defined in Paragraphs A, B, and C. *See* 20 C.F.R. pr. 404, subpt. P, App. 1, §

12.04. To satisfy the requirements of Listing 12.04, the plaintiff must meet the criteria of paragraph A and either paragraph B or C. The ALJ found that Ms. Sprankles suffered major depressive disorder as a severe impairment. Moreover, Ms. Sprankles' treating psychiatrist, Dr. Rustagi, also documented a history of mental illness spanning over a decade. (R. 1374). The ALJ also noted that Ms. Sprankles had "a longstanding history of mental health treatment . . . with multiple inpatient stays for psychosis." (R. 827). Thus, Ms. Sprankles met the requirements of paragraph A under Listing 12.04. In her opinion, the ALJ then provided a lengthy discussion of the paragraph B criteria and concluded that Ms. Sprankles only had "moderate" limitations in the four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting and managing oneself. (R. 839). Since Ms. Sprankles' mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ found that the criteria for paragraph B were not satisfied. *Id*. At this point in her order, the ALJ then made a cursory finding that "the evidence fails to establish the presence of the 'paragraph C' criteria of the applicable mental disorder listing," but provided no explanation for how she found that they were not satisfied. (R. 840).

Ms. Sprankles argues that the ALJ's dismissive consideration of paragraph C is legal error and that she meets the requirements of Listing 12.04 based on the criteria in paragraphs A and C. Paragraph C states:

> Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); *and*
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. pr. 404, subpt. P, App. 1, § 12.04C (emphasis added). The Commissioner argues in response that the ALJ provided analysis in almost fifteen pages of her opinion (R. 826-40) as to whether Ms. Sprankles met Listing 12.04. The Court recognizes the ALJ's thorough analysis at step three but also notes that it is not clear whether her analysis explains how Ms. Sprankles does not meet the requirements of only paragraph B or both paragraphs B and C. Throughout that lengthy discussion there is no mention of the paragraph C criteria or how the evidence relates to those criteria. Moreover, there is ample evidence Ms. Sprankles suffered from her mental impairments for more than two years, that it caused at least a minimal limitation in her ability to work, and that she received medical treatment, mental health therapy, and psychosocial support. Despite that, the ALJ never explains why Ms. Sprankles' treatment or her experience living in a highly structured setting with her mother, which is demonstrated to be "ongoing and that diminishes the symptoms and signs of [her] mental disorder," does not satisfy the first criteria of paragraph C. There is also at least some evidence relating to the second criteria of paragraph C demonstrating Ms. Sprankles' minimal capacity[1] to adapt to changes in her environment. But it is precisely at this step that the ALJ fails to build a logical bridge between the evidence and her conclusion.

Throughout her opinion, the ALJ references several "situational stressors" that affected Ms. Sprankles over the relevant time period. Notably, the ALJ stated the following:

> It was in the context of multiple situational stressors related to the report of the onset of a new boyfriend, her mother's significant distraught over issues related to this relationship, filing for bankruptcy, and a felony charge resulting in a later five month Federal prison stay (August 2013 through December 2013), that the claimant

---

[1] The Social Security Administration provides more details on this subpart and how it should be evaluated, stating that "[m]arginal adjustment means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life" and "evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time." 20 C.F.R. pr. 404, subpt. P, App. 1, § 12.00G2c.

filed a claim for disability. Despite such situational stressors, as noted, throughout this period, Dr. Rustagi's records support intact functioning with May 2012 and ongoing escalation of the claimant's violation of company policy/insubordinate workplace behavior, which occurred contemporaneous with the onset of a new relationship, which was a concern of the claimant's mother.

(R. 829). These situational stressors occurred in late 2012 and early 2013 leading Ms. Sprankles to lose her job in February of 2013. When explaining why she lost her job, the ALJ notes that Dr. Rustagi's records did not demonstrate that Ms. Sprankles had any kind of delusions, hallucinations, or change in effectiveness of medication. (R. 828). The ALJ stated that "the treatment records specifically note the claimant dealing well with multiple significant stressors, as evidenced by no sustained clinical exam deficits, improvement in a short time, and the ability to sustain SGA." (R. 832). Since the ALJ did not find any worsening symptoms or that Ms. Sprankles' behavior was reasonably related to mental health dysfunction, the ALJ concluded that "[i]ndependently choosing to make poor choices is not a reasonable basis reflected within the criteria for a finding of disability." (R. 830). Again, the ALJ did not explain why these "situational stressors" were not adequate to satisfy or at least support the second criteria of paragraph C showing that Ms. Sprankles has the "minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life."

In response, Ms. Sprankles points out that "[t]he ALJ's references to 'situational' distress do not weigh against a finding of disability but instead support a finding that Ms. Sprankles' mental impairments satisfy the paragraph C criterion . . . ." *Id*. at 11. She argues that "[a]s contemplated by the listing, the evidence shows that changes or increased demands led to exacerbations of her symptoms and deterioration of functioning such that she lost employment, experienced legal difficulties, and generally made bad decisions (Tr. 1254-55, 1258, 1269, 1271, 1273, 1317, 1333, 1364)." *Id*. Instead, the ALJ appeared to focus on Ms. Sprankles treatment

records stating that "[r]egardless of the reason for the claimant's lack of attentiveness to work and violation of company policy/insubordination resulting in the February 2013 termination, neither Dr. Rustagi, nor [his] records support a finding that such willing adverse behavior was reasonably related to mental health dysfunction." (R. 830). The Court notes that while her treatment records in 2012 and 2013 may not have demonstrated a significant change in her mental capacity or a significant deterioration of her mental health, every other area of Ms. Sprankles' life seemed to demonstrate that she was not adapting well to the changes in her environment. In an extremely short period of time, Ms. Sprankles got a new boyfriend, lost her job, filed for bankruptcy, committed a felony, and ultimately went to prison. (R. 601, 609, 742, 746, 748, 750, 862). This evidence does not seem to indicate that Ms. Sprankles was dealing well with the "situational stressors" or that she was able to sustain gainful employment while experiencing them.

The ALJ completely ignores this line of evidence when considering Listing 12.04 and instead focuses on what Ms. Sprankles' treatment records state during the same time period when, in fact, the ALJ's own factual analysis appears to demonstrate that she had minimal capacity to adapt to changes in her environment and daily life. The ALJ's opinion appears to explain at different points that Ms. Sprankles was functioning well medically and did not need additional medications while she was experiencing these stressors. (R. 832). But that is precisely the situation that paragraph C seems to address: a person who has a medically documented mental disorder where medical treatment and highly structured settings diminish the signs and symptoms of the disorder, but where the person has a limited capacity to adapt to changes in their environment. So even though Ms. Sprankles may have not needed additional medicine or treatment while she was experiencing the situational stressors in late 2012 through 2013, there is

evidence demonstrating that she likely had difficulty adjusting to these changes in her life, which resulted in her losing her job, declaring bankruptcy, committing a felony, and eventually serving time in prison. (R. 750, 829).

In her opinion, the ALJ's paragraph C finding is brief, recites the criteria requirements, and provides a conclusion without any logical bridge between the requirements and the evidence in the record. The ALJ only stated the following:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria of the applicable mental disorder listings. The medical evidence does not support a finding that the claimant experiences a "serious and persistent" mental disorder medically documented by a history of existence in the Listing category for two years and satisfies both of the following: (1) Ongoing reliance upon medical treatment, mental health therapy, psychological support, or a highly structured setting to diminish symptoms and signs of the mental disorder; and (2) evidence showing that, despite diminished symptoms and signs, the result achieved is only marginal adjustment (meaning adaption to the requirements of daily life is fragile; that is, a minimal capacity to adapt to changes in the environment or to demands not already part of the individual's daily life.)

(R. 840). It is unclear to the Court whether the ALJ does not consider any of the requirements of paragraph C to be met or only some of the requirements. Moreover, as the Court has noted, there appears to be at least some evidence demonstrating that Ms. Sprankles has a minimal capacity to adapt to changes in her environment, which is what paragraph C's marginal adjustment requirement contemplates. But the ALJ made no effort to apply that specific criteria to the evidence of record. The Commissioner argues that the ALJ cited "literally pages of supporting evidence when discussing the Listings (Tr. 826-40)." [DE 27 at 14]. While the ALJ's opinion *does* cite pages of facts from the record that could be relevant to the paragraph C analysis (R. 826-40), it appears to be analysis for paragraph B and the ALJ did not identify *which* facts persuaded her that Ms. Sprankles did not satisfy paragraph C criteria. The Commissioner argues that the ALJ relied upon her paragraph B analysis for her paragraph C conclusion but the ALJ

fails to cite to any evidence supporting that conclusion and fails to apply the evidence to the paragraph C criteria. Without connecting the facts specifically to the paragraph C criteria, the Court is unable to meaningfully review the ALJ's decision at step three. The Commissioner argues that the ALJ cited the 2013 and 2017 opinions of the State agency psychological consultants who opined that Ms. Sprankles did not meet or equal Listing 12.04. [DE 27 at 13]. But the ALJ gave the 2013 consultative reports little weight since they found that no severe mental status impairment existed and the ALJ did not believe that finding was supported by Ms. Sprankles' medical history. (R. 827). The ALJ did not state how much weight she gave the 2017 reports, but both reports noted that Ms. Sprankles had difficulty handling stress and changes in routine. Regardless of the weight given to these reports, the ALJ does not explain how they relate to her paragraph C analysis.

The Seventh Circuit has "held that [when] considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Kastner v. Astrue*, 697 F.3d 642, 647 (7th Cir. 2012) (citation omitted). And given the ALJ's lack of analysis of the paragraph C criteria, the Court cannot say that the step three finding is supported by substantial evidence. "An ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace his path of reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). Remand is required for a proper articulation of the reasoning regarding the paragraph C criteria. *See Minnick v. Colvin*, 775 F.3d

929, 936 (7th Cir. 2015) (finding inadequate an ALJ's analysis of Listing 1.04 because the ALJ failed to acknowledge several aspects of the record that could meet or equal the listing).

The Court agrees with Ms. Sprankles that the paragraph B criteria cannot replace or substitute the ALJ's consideration of paragraph C criteria because paragraph C is a separate and alternative means of finding disability. The ALJ may be able to articulate support with substantial evidence for her decision, but the Court is unable to trace the path of her reasoning based on the absence of a logical bridge between the evidence and the decision. If the record contains evidence relevant to paragraph C criteria, the ALJ erred by not addressing it separately and making specific findings related to it. Therefore, the Court remands so that the ALJ may adequately explain with supporting evidence whether Ms. Sprankles meets the requirements of paragraph C under Listing 12.04.

## V.  CONCLUSION

The Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED:  February 27, 2020

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court

12